**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSEPH CHARLES RIDDLE,

    Defendant - Appellant.

No. 25-7067
(D.C. No. 6:25-CR-00032-JFH-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **McHUGH**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Joseph Charles Riddle was indicted on one count of being a felon in

possession of ammunition and a second count of being a felon in possession of a

firearm and ammunition, both in violation of 18 U.S.C. § 922(g)(1).  Mr. Riddle

moved to dismiss the indictment, arguing under *New York State Rifle & Pistol

Association v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680

(2024), that § 922(g)(1) violates the Second Amendment, both facially and as applied

---

   * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

to him.  The district court denied the motion to dismiss, so Mr. Riddle pleaded guilty, reserving his constitutional arguments for appeal.  The district court sentenced him to 18 months in prison followed by three years of supervised release.

Mr. Riddle now renews his constitutional challenge, although he concedes our precedent forecloses his arguments.  *See* Aplt. Br. at 4, 6, 8.  In *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), we held that § 922(g)(1) does not violate the Second Amendment.  We have since upheld *McCane*, even after *Bruen* and *Rahimi*.  *See Vincent v. Bondi*, 127 F.4th 1263, 1265-66 (10th Cir. 2025), *cert. denied* (U.S. Mar. 2, 2026) (No. 24-1155).  As Mr. Riddle recognizes, *see* Aplt. Br. at 4, it does not matter whether his predicate felony was for a violent or nonviolent offense.  *See Vincent*, 127 F.4th at 1266 ("*McCane* . . . upheld the constitutionality of § 922(g)(1) for all individuals convicted of felonies," including "nonviolent offenders"); *United States v. Warner*, 131 F.4th 1137, 1148 (10th Cir. 2025) ("[E]ven after *Rahimi*, § 922(g)(1) is constitutional as applied to non-violent felons.").

Mr. Riddle insists *Vincent* was "wrongly decided," and he points out the plaintiff in that case sought certiorari review by the Supreme Court.  Aplt. Br. at 4.  But, as explained above, the Supreme Court denied certiorari in *Vincent* on March 2, 2026.  Therefore, because *Vincent* and *McCane* remain binding precedent, we must affirm the district court's judgment.  *See United States v. Lira-Ramirez*, 951 F.3d

1258, 1260 (10th Cir. 2020) ("We must generally follow our precedents absent en banc consideration.").

Entered for the Court

Veronica S. Rossman
Circuit Judge